# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 6173 | **DATE** | 6/30/2003 |
| **CASE TITLE** | Andriy Vyshnevsky and Natalia Vyshnevska vs. Park Ridge Oldsmobile, Mitsubishi Motors, and Mitsubishi Motors Credit | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiffs' Motion for Fees and Costs

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum Opinion and Order, plaintiff's motion for fees and costs is granted [22-1]. Plaintiffs are awarded $8,456 in attorney's fees, $30 in paralegal fees, and costs of $82.19 jointly and severally against Park Ridge Oldsmobile, Mitsubishi Motors, and Mitsubishi Motors Credit.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUL 0 2 2003 | |
| | Notified counsel by telephone. | | date docketed | 26 |
| X | Docketing to mail notices. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Mail AO 450 form. | 03 JUL -1 PM 4:51 | | |
| | Copy to judge/magistrate judge. | FILED-ED 10 | date mailed notice | |
| klb (lc) | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
JUL 0 2 2003

ANDRIY VYSHNEVSKY and NATALIA )
VYSHNEVSKA, )
)
)
Plaintiffs, )
) No. 02 C 6173
v. )
) HONORABLE DAVID H. COAR
PARK RIDGE OLDSMOBILE, )
MITSUBISHI MOTORS, and MITSUBISHI )
MOTORS CREDIT, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Andriy Vyshnevsky and Natalia Vyshnevska filed a class action complaint and petition for injunctive and declaratory relief in the Circuit Court of Cook County against Park Ridge Oldsmobile, Mitsubishi Motors, and Mitsubishi Motors Credit. The defendants removed the action to federal court. Plaintiffs then filed a motion to remand, which this court granted on November 6, 2002. Before this court is plaintiffs' motion for fees and costs pursuant to 28 U.S.C. 1447(c). For the reasons set forth below, plaintiffs' motion for fees and costs is granted.

I.   Legal Standard

The plaintiffs' motion is made pursuant to 28 U.S.C. § 1447(c), which provides in pertinent part, that "an order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Although the Court's original order remanding the case to state court did not include an award of fees, the Court nevertheless "retain[s] jurisdiction to consider collateral matters after remand and ... attorney's

-1-

fees may be awarded under a separate order." See Wisconsin v. Hotline Indus., Inc., 236 F.3d 363, 365 (7th Cir.2000) (rejecting defendant's argument that district court had no jurisdiction to award attorney fees after it had remanded the case to state court).

In order to award attorney fees under section 1447(c), the district court is not required to find that the defendants removed the case in bad faith. Tenner v. Zurek, 168 F.3d 328, 329-30 (7th Cir.1999). Instead, section 1447(c)

> is a fee-shifting statute, entitling the district court to make whole the victorious party. An opponent's bad faith may strengthen the position of party that obtained a remand, but it is not essential to an award, any more than under the multitude of other fee-shifting statutes.

Garbie v. DaimlerChrysler Corp., 211 F.3d 407, 410 (7th Cir.2000) (noting that improper removal prolongs litigation and "jacks up fees"). Under the American Rule parties bear their expenses in one court system, "but when their adversary wrongfully drags them into a second judicial system the loser must expect to cover the incremental costs ." Id. at 411.

II. Discussion

Plaintiffs request attorney's fees in the amount of $8,456.00, paralegal fees of $30.00 and costs of $82.19. Defendants argue that attorney's fees are unwarranted in this case because a fair reading of plaintiff's complaint provided a good faith basis for removal. Specifically, defendants allege that plaintiffs' references to the Truth in Lending Act ("TILA") in Count I and Count IV of their Complaint state allegations relating to TILA, which gave the defendants a good faith basis for removal. As noted in the Court's Order of November 6, 2002, however, no claim was alleged under the Civil liability provisions of TILA. The complaint only alleged state law fraud claims. Further, in granting the plaintiffs' motion to remand, the Court explained that other courts had

rejected the claim that actions arise under federal law simply because TILA is mentioned to satisfy the unlawful prong of state law fraud claims. Thus, the argument that removal based on TILA was based on a good faith reading of the complaint is untenable.

Defendants next argue that there was a good faith basis for removal based on their belief that the complaint fell within the purview of the Magnuson Moss Warranty Act ("Warranty Act"), 15 U.S.C. § 2301. In their brief in opposition to plaintiff's motion to remand, defendants argued that removal was proper because plaintiff's allegations regarding the Warranty Act were incorporated into Count I, which was a class action. Even a cursory reading of the complaint, however, would reveal that Count I had nothing to do with the Warranty Act. Defendants also argue that their belief that removal was proper was based upon plaintiff's demand in the Complaint for $50,000. As previously explained by this Court, however, aggregation of the claims in the Complaint to reach the $50,000 jurisdictional requirement is improper. See Marchionna v. Ford Motor Company, No. 94 C 275, 1995 WL 476591 at *7 (N.D. Ill. Aug. 10, 1995) (finding (1) that state law claims may not be aggregated with Warranty Act claims to meet the jurisdictional amount and (2) that alternative claims under the Warranty Act may not be aggregated to meet the jurisdictional amount). The mere fact that the total demand in the Complaint was $50,000 did not give defendants a basis for removal. This is especially true where, as here, the retail installment contract was appended to the Complaint and showed the retail value of the vehicle upon which the claim was based, was less that $50,000. Thus, defendants did not have a good faith basis for removal.

Plaintiffs are entitled to their attorney's fees because defendants "wrongfully drag[ged] them into a second judicial system." Garbie, 211 F.3d at 411. Defendants assert, however, that

plaintiff's reliance on surveys in determining attorney's fees is improper because 28 U.S.C. § 1447(c) provides that only "actual expenses" can be recovered. Surveys are often used in determining the market rate for statutes which require the payment of "reasonable attorney's fees." The Seventh Circuit has held that recovery under 28 U.S.C. § 1447(c) is limited to the actual amount of fees incurred. Wisconsin v. Hotline Industries, Inc., 236 F.3d 363, 367-78 (7th Cir. 2000) (finding that fees awarded to the state for the work of government lawyers is limited to a proportional share of the salaries of its attorneys handling the removal plus related overhead costs).

In this case, however, there has been no showing, or even an allegation, that reasonable fees for the work performed differs in any way from the actual fees incurred. Plaintiffs seek compensation for the work of their attorneys at rates of $285/hour for Joseph A. Longo, an attorney practicing for 20 years, and $240/hour for Dmitry N. Feofanov, an attorney practicing for nine years. Plaintiffs have provided affidavits detailing the qualifications of their attorneys and surveys of what comparable attorneys earn. In addition, plaintiffs supported their requested fees with an analysis of the risk, complexity, and desirability of the case. Further, the rate set by the attorneys is significantly less than what the surveys show that attorneys of their experience typically charge. Plaintiffs have also provided detailed billing records in support of their request for fees. As the defendants did not participate in the process established by Local Rule 54.3 for the determination of fees, there is not a joint statement which states the defendants objections to the fee petition. Tellingly, defendants have not alleged an "actual" hourly rate that is lower than what plaintiffs seek. Defendants' response to plaintiffs' motion for fees and costs fails to state any objections to the fee petition beyond the conclusion that no fees are warranted. This Court's

examination of the fee petition does not reveal any vague entries or block-billed time. Accordingly, plaintiffs are awarded fees for their attorneys Joseph A. Longo in the amount of $4,304 (15.1 hrs at $285/hr) and Dmitry Feofanov in the amount of $4,152.00 (17.3 hrs at $240/hr). In addition, they are awarded paralegal fees in the amount of $30 and costs of $82.19.

In its response to plaintiffs' motion for fees and costs, Park Ridge Oldsmobile argues that it should not be required to pay plaintiffs' attorney's fees and costs incurred in the removal of this case because it merely consented to Mitsubishi's removal and took no other action with respect to removal. Park Ridge Oldsmobile's response raises a novel issue for which this Court finds no guidance in the case law. The Removal Notice was filed by Mitsubishi Motors and Mitsubishi Motors Credit and Park Ridge "consented" to the exercise of jurisdiction by this Court. When a co-defendant consents to removal, is he simply consenting to jurisdiction in federal court or is he joining his co-defendant's petition for removal? It seems to this Court that when parties give their consent for removal they join the petition for removal. A federal court may not acquire jurisdiction by consent. If removal had been proper, Park Ridge Oldsmobile would have benefitted from the work of counsel for Mitsubishi Motors and Mitsubishi Motors Credit. Thus, Park Ridge Oldsmobile is essentially arguing that they should share in the benefits but not the burdens of their decision to consent to removal to federal court. Co-defendants should not be relieved of their responsibility to independently review the Complaint and determine whether removal is proper. They will not be rewarded for their failure to do so. It would indeed create perverse incentives if co-defendants could be relieved of their responsibility to pay attorney's fees for improper removal simply by asserting that they did not read the complaint and/or did not participate in removal proceedings. Therefore, when a defendant

consents to the exercise of jurisdiction by the court in connection with a Notice of Removal, that defendant joins in the representation that jurisdiction is proper and is subject to sanctions under 28 U.S.C. § 1447(c) if that representation is held to be incorrect.

### Conclusion

For the foregoing reasons, plaintiff's motion for fees and costs is granted. Plaintiffs are awarded $8,456 in attorney's fees, $30 in paralegal fees, and costs of $82.19 jointly and severally against Park Ridge Oldsmobile, Mitsubishi Motors, and Mitsubishi Motors Credit.

Enter:

_____
David H. Coar
United States District Judge

Dated: June 30, 2003